Steven Sugarman
New Mexico Bar No. 5717
appearing *pro hac vice*
347 County Road 55A
Cerrillos, New Mexico 87010
(505) 672-5082
stevensugarman@hotmail.com

Attorney for WildEarth Guardians

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

TUCSON DIVISION

| | |
|---|---|
| WILDEARTH GUARDIANS, ) ) Plaintiff, ) ) vs. ) ) UNITED STATES FISH AND WILDLIFE ) SERVICE and UNITED STATES FOREST ) SERVICE, ) ) Defendants. ) ) | No. 13-151-RCC **PLAINTIFF'S SURREPLY IN RESPONSE TO MOTION FOR CLARIFICATION** |

    In their reply memorandum in support of their Motion for Clarification, the Federal Defendants assert that they have knowledge of Plaintiff WildEarth Guardians' "true understanding" of the Court's injunction in this matter. ECF Doc. No. 95 at p.2. This is, of course, absurd.

    Immediately after this Court issued its September 12, 2019 Order in this case, the undersigned met with his client to discuss the scope of the injunction. Based upon the

undersigned's advice, WildEarth Guardians' staff adopted the most cautious possible interpretation of the Court's Order – which is that it applies only in New Mexico national forests and in the Tonto National Forest.  Clearly, this isn't the only possible interpretation of the Order – as otherwise the Federal Defendants would not have filed their motion to clarify – but it is undoubtedly the most conservative interpretation of the order.

As explained in WildEarth Guardians' response to the Motion for Clarification, WildEarth Guardians believes that this Court intended to enjoin U.S. Forest Service timber managment activities in all national forests because that is the only way that WildEarth Guardians' actual injury can be redressed in this matter.  Furthermore, "the district court has broad discretion in fashioning a remedy," and an "enjoined party's history of noncompliance with prior orders can justify greater court involvement than is ordinarily permitted."  *Melendres v. Arpaio*, 784 F.3d 1254, 1265 (9th Cir. 2015).  Here, as WildEarth Guardians explained in summary judgment briefing, the Federal Defendants – and particularly Federal Defendant U.S. Forest Service – have a long history of *failing* to comply with their obligations towards the Mexican spotted owl, as repeatedly found by the federal courts including this Court.

For the foregoing reasons – but principally out of respect for this Court's authority – the undersigned advised his client that it should be the Court in the first instance that expressly states that its injunctive order also applies to Arizona national forests.  Any statements issued by WildEarth Guardians to the press as to the application of the injunction were based on precautionary principles and on deference to this Court's office – *not* in a "true understanding" that the injunction is limited in the fashion suggested by the Federal Defendants.

Finally, insofar as the appropriate relief in this case is concerned, WildEarth Guardians respectfully refers this Court to an article published in the Arizona Sun on September 19, 2019

regarding this litigation.[1]  In that article, a spokesperson for Federal Defendant U.S. Fish and Wildlife Service states as follows:

> The Fish and Wildlife Service said Thursday it's working with the Forest Service on a pilot project to evaluate trends in the owl population based on occupancy monitoring, *but it doesn't have a strategy or funding to do the work across the owl's entire range*.

(Emphasis added.)

Of course, the Federal Defendants' lack of a strategy and lack of funding to implement the required Mexican spotted owl population monitoring is at the core of this Court's September 12, 2019 Order.  The fact that such funding is not in place in Arizona *or* in New Mexico – 25 years after the owl was listed as a threatened species – shows that "greater involvement" from the Court is unfortunately necessary to force the Federal Defendants into compliance with their obligations under the Endangered Species Act with respect to the Mexican spotted owl. *Melendres*, 784 F.3d at 1254.  In this matter, that "greater involvement" includes issuance of the broadest possible appropriate injunctive relief to assure that the recalcitrant Federal Defendants comply with their duty to conserve and to recover the Mexican spotted owl.  After all, WildEarth Guardians' actual injury is not the failure of recovery efforts in New Mexico national forest and in Arizona's Tonto National Forest.  Rather, the actual injury is to the species throughout its range.  The Court's remedial order – which is targeted at the actual injury rather than some "subset" of the injury – will redress the injury which gave rise to this lawsuit: the Federal Defendants' failure to comply with their obligations to conserve and to recover the Mexican spotted owl.

---

[1]  *See* https://azdailysun.com/news/court-halts-timber-activity-over-threatened-owl/article_4978aaac-b214-574d-82d2-c1484df5420b.html

Dated: September 23, 2019.

Respectfully submitted,

/s/   Steven Sugarman
Steven Sugarman
347 County Road 55A
Cerrillos, New Mexico 87010
(505) 672-5082
stevensugarman@hotmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this Surrerply to Federal Defendants' Motion for Clarification was served on counsel of record on September ___, 2019 through the Court's electronic CM-ECF system.

/s/ Steven Sugarman
Steven Sugarman