IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| WildEarth Guardians,<br><br>    Plaintiff,<br><br>v.<br><br>United States Fish and Wildlife Service, et al.,<br><br>    Defendants. | No. CV-13-00151-TUC-RCC<br><br>**ORDER** |

Defendants filed a Motion to Clarify the Court's September 12, 2019 Order. (Doc. 90.) They note that the Court's Order found that six of the 2012 BiOps were mooted by superseding BiOps (those controlling the Kaibab, Prescott, Apache-Sitegraves, Coconino, and Coronado National Forests), but the injunction ordered that USFS halt timber management over all of Region 3 until formal consultation occurs and superseding BiOps are issued. Defendants seek clarification as to whether the Court intended for the injunction to include all national forests or only those national forests that had not been mooted by superseding BiOps (those controlling the Lincoln, Santa Fe, Cibola, Carson, Tonto, and Gila National Forests).

Plaintiff filed a Notice that suggested the Court intentionally incorporated all of Region 3 because an all-encompassing injunction is essential to the recovery of the Mexican Spotted Owl ("MSO"). (Doc. 91.) Plaintiff then filed a response arguing that mootness did not preclude injunctive relief covering all Region 3. (Doc. 92.) Plaintiff argues that the 2012 MSO Recovery Plan is coordinated "across administrative

boundaries" because it subdivides "the [MSO's] range into five Ecological Management Units" ("EMUs"). Meaning, coordinated efforts for the recovery of the MSO are based on the boundaries set in the EMUs, and these boundaries overlap with more than one national forest. Therefore, part of an EMU is located within a national forest for which the challenge to the BiOp has been mooted, but another part of the same EMU is on national forest land for which the Court addressed the current BiOp. Plaintiff argues that the Court should "disregard the USFS's administrative boundaries and focus on the EMUs which are relevant biological units for recovery planning." Finally, Plaintiff claims that the Court's injunction should be broad because the superseding BiOps for the Coronado and Coconino National Forests have not resolved the problems addressed in the Court's Order, thus reflecting a habitual failure among all BiOps in Region 3 to account for MSO recovery.

Defendants replied that Plaintiff erroneously asserted that it believed this Court intended to cover all of Region 3 because Plaintiff made a statement to the press indicating that the injunction simply covered the six national forests that had not been mooted. (Doc. 95.) Defendant notes that this Court has no jurisdiction to extend its Order to national forests whose BiOps have been mooted. Finally, Defendants argue that the Court should not expand the injunction simply to cover the expanse of an EMU because there is no requirement for the EMUs to be coordinated over administrative boundaries, and "there is no legal basis to enjoin timber management activities on a National Forest with a presumptively valid superseding BiOp simply because the Court found that the BiOp on another National Forest in the same EMU did not comply with the ESA."

Plaintiff filed a Motion for Leave to File Surreply, arguing that Defendants erroneously state that Plaintiff believed the injunction was limited. (Doc. 96) Because the Court's determination is not dependent upon Plaintiff's understanding of the injunction, the Court will deny this motion.

The Court does not find Plaintiff's argument persuasive, nor does it reflect the intent of this Court when it ordered injunctive relief. The Court refused to address the

five BiOps that were mooted; and because they were mooted, the corresponding national forests, timber management plans, and the superseding BiOps were no longer the subject of litigation in this matter. Furthermore, simply because an EMU crosses over administrative boundaries does not mean that this Court can or should extend its injunction to control those national forests. Based on Plaintiff's reasoning, the injunction should cover all EMU areas that overlap with the national forests whose BiOps are at issue in this case. But these EMUs extend into Texas, Colorado, and Utah. The BiOps for the national forests in these states were not before the Court at the time of its decision, nor were the five mooted BiOps. The Court finds it has no jurisdiction to extend its injunction to any of these areas.

Moreover, the EMUs appear to reflect the connectedness of the various national forests. Defendants must now engage in formal consultation to hash-out a plan for recovery for the MSO for the non-mooted national forests. This will likely affect future management of the remaining national forests. There is nothing preventing the further coordination of MSO recovery efforts between all national forests. This is especially true if Defendants finally formulate a plan for monitoring the MSO for recovery. If they do not, Plaintiff may initiate further litigation to enforce a cohesive plan between the Region 3 national forests. However, the superseding BiOps for those national forests were not considered in the Court's determination, and the Court finds it inappropriate to extend the injunction to areas in which the Court has no knowledge of the current provisions in the BiOps. Therefore, the Court cannot and will not order an injunction over the areas covered by the mooted BiOps.

Accordingly, IT IS ORDERED:

1) Defendants' Motion for Clarification is GRANTED. (Doc. 90.)
2) The Court clarifies that its September 12, 2019 injunction pertains only to the six forests in Region 3 (Lincoln, Santa Fe, Cibola, Carson, Tonto, and Gila) that operate under the 2012 BiOps.

///

3) Plaintiff's Motion for Leave to File Surreply in Response to Motion for Clarification is DENIED. (Doc. 96.)

Dated this 23rd day of September, 2019.

_____
Honorable Raner C. Collins
Senior United States District Judge