Steven Sugarman
New Mexico Bar No. 5717
appearing *pro hac vice*
347 County Road 55A
Cerrillos, New Mexico 87010
(505) 672-5082
stevensugarman@hotmail.com

Attorney for WildEarth Guardians

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

TUCSON DIVISION

| | |
|---|---|
| WILDEARTH GUARDIANS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 13-151-RCC |
| vs. | ) |
| | ) |
| UNITED STATES FISH AND WILDLIFE | ) **EX PARTE MOTION TO** |
| SERVICE and UNITED STATES FOREST | ) **MODIFY INJUNCTION** |
| SERVICE, | ) |
| | ) [Expedited consideration requested] |
| Defendants. | ) |
| | ) |

In its September 12, 2019 Order, this Court stated that "timber management actions in Region 3 national forests must cease pending formal consultation." ECF Doc. No. 89 at 39.

The Ninth Circuit's decision in *Cottonwood Environmental Law Center v. U.S. Forest Service*, 789 F.3d 1075 (9th Cir. 2015), sets out the standard for injunctive relief in an Endangered Species Act ("ESA") case. "[W]hen evaluating a request for injunctive

relief to remedy an ESA procedural violation, the equities and public interest factors *always* tip in favor of the protected species." *Id.* at 1091 (emphasis added).  However, a plaintiff must still "show irreparable injury to justify injunctive relief." *Id.*  This is not a heavy burden.  The Ninth Circuit instructs that "[i]n light of the stated purposes of the ESA in conserving endangered and threatened species and ecosystems that support them, establishing irreparable injury should not be an onerous task for plaintiffs." *Id.*

Despite the low bar for injunctive relief in an ESA case, Plaintiff WildEarth Guardians does not believe that personal firewood cutting and gathering on national forest lands is associated with any possibility of irreparable harm to the Mexican spotted owl or its habitat.  Accordingly, WildEarth Guardians respectfully submits that this Court's September 12, 2019 Order should be modified to except personal firewood cutting and gathering from its application.

WildEarth Guardians has made repeated attempts to engage the Federal Defendants in a discussion about this issue – both through e-mails and voice mail messages to Federal Defendants' counsel – but those efforts have not borne fruit.  The Federal Defendants state in e-mails that they are not ready to discuss the issue.

In light of WildEarth Guardians' acknowledgment that personal firewood cutting and gathering is not associated with irreparable harm to the Mexican spotted owl and its habitat, WildEarth Guardians respectfully submits that it would be appropriate for the Court to modify its September 12, 2019 Order to except that activity from application of

WildEarth Guardians v. U.S. Forest Service, et al.                                                             Motion to Modify
Civil No. 13-151-RCC                                                                                                             Page 2

the Order's injunctive component.[1] WildEarth Guardians requests that this motion be resolved, and that the injunction be modified, as expeditiously as possible.

Dated: September 26, 2019.

Respectfully submitted,

/s/   Steven Sugarman
Steven Sugarman
347 County Road 55A
Cerrillos, New Mexico 87010
(505) 672-5082
stevensugarman@hotmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this Motion to Modify was served on counsel of record on September 26, 2019 through the Court's electronic CM-ECF system.

/s/ Steven Sugarman
Steven Sugarman

---

[1] While the Federal Defendants have chosen not to discuss this matter with WildEarth Guardians, WildEarth Guardians cannot conceive of any reason why the Federal Defendants would oppose this motion, and presumes that the Federal Defendants would have consented to this motion if the Federal Defendants had afforded WildEarth Guardians an opportunity to discuss this matter.