JEAN E. WILLIAMS,
Deputy Assistant Attorney General
SETH M. BARSKY, Chief
S. JAY GOVINDAN, Assistant Chief
RICKEY D. TURNER, Senior Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
999 18th Street
South Terrace, Suite 370
Denver, Colorado 80202
(303) 844-1373
rickey.turner@usdoj.gov

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| WILDEARTH GUARDIANS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES FISH AND WILDLIFE SERVICE and UNITED STATES FOREST SERVICE,<br><br>Defendants. | CASE NO. 4:13-cv-151-RCC<br><br>**DEFENDANTS' MOTION TO DISSOLVE THE COURT'S INJUNCTION RE THE CIBOLA NATIONAL FOREST**<br><br>**[EXPEDITED REVIEW REQUESTED]** |

## INTRODUCTION

At issue is whether the U.S. Fish & Wildlife Service's ("FWS") completion of its reinitiated Section 7(a)(2) consultation under the Endangered Species Act ("ESA") regarding the Cibola forest plan and its issuance of a superseding biological opinion ("BiOp") for the Cibola National Forest satisfies this Court's prior order, dated September 12, 2019, and warrants dissolution of the Court's injunction insofar as it applies to the Cibola National Forest.[1] In its order, the Court ordered FWS to reinitiate consultation with the U.S. Forest Service ("USFS") and revisit the recovery determination in the Cibola BiOp's Section 7(a)(2) jeopardy analysis. ECF No. 89 at 36-39.[2] The Court also enjoined all timber management actions on the Cibola National Forest until the completion of reinitiated consultation and issued a superseding BiOp. *Id*. Both events have now occurred. Accordingly, because Defendants have fully complied with this Court's order, its injunction should, by its terms, be dissolved.

## STANDARD FOR DISSOLUTION

A party seeking dissolution of an injunction may meet its initial burden by demonstrating "a significant change either in factual conditions or in law." *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 384 (1992); *see also Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000) ("A party seeking modification or dissolution of an injunction bears the burden of establishing that a significant change in facts or law warrants revision or dissolution of the injunction"); *Univ. of Hawaii Prof'l Assembly v. Cayetano*, 125 F. Supp. 2d 1237, 1240 (D. Haw. 2000) ("[C]ourts have continuing jurisdiction to terminate, dissolve, vacate, or modify an injunction or an interlocutory order in the event that changed circumstances require it.") (citing *United States v. Oregon*, 769 F.2d 1410, 1416 (9th Cir. 1985), and *In re Detroit Auto Dealers Ass'n,* 84

---

[1] The superseding BiOps for the Carson, Lincoln, Tonto, Gila, and Santa Fe National Forests are not yet finalized.

[2] Citations to Court documents reference the page numbers generated by ECF.

F.3d 787, 789 (6th Cir. 1996)). "A significant change is one that pertains to the underlying reasons for the injunction." *Moon v. GMAC Mortgage Corp.*, No. C08-969Z, 2008 WL 4741492, at *2 (W.D. Wash. Oct. 24, 2008) (citing *United States v. Swift & Co.*, 189 F. Supp. 885, 905 (D. Ill. 1960), aff'd per curium, 367 U.S. 909 (1961)). Under a flexible standard based on Federal Rule of Civil Procedure 60(b)(5), "the Ninth Circuit has directed courts to 'take all the circumstances into account in determining whether to modify or vacate a prior injunction or consent decree.'" *Orantes-Hernandez v. Gonzales*, 504 F. Supp. 2d 825, 830 (C.D. Cal. 2007), *aff'd*, 321 F. App'x 625 (9th Cir. 2009) (quoting *Bellevue Manor Assocs. v. United States*, 165 F.3d 1249, 1256 (9th Cir. 1999)); *see also System Fed'n No. 91 v. Wright*, 364 U.S. 642, 648 (1961) (holding district court has "wide discretion" to modify injunctive relief upon changed circumstances or new facts).

## ARGUMENT

### I. Defendants Have Complied With This Court's Order Insofar As It Applies to the Cibola National Forest, and the Injunction Should Be Dissolved.

In its order dated September 12, 2019, this Court enjoined USFS's timber management activities in the Cibola National Forest pending the following: (1) the completion of reinitiated Section 7(a)(2) consultation and (2) the issuance of a new superseding BiOp. ECF No. 89 at 36-39. Both events have now occurred. The circumstances that originally necessitated injunctive relief are no longer present. Rather, the agencies' completion of their reinitiated consultation and FWS's new superseding BiOp – in compliance with this Court's order – constitute "significant changes" that directly address "the underlying reasons for the injunction." *Moon*, 2008 WL 4741492 at *2. Accordingly, Defendants have fully complied with the terms of the Court's order, and the Court's injunction against the agencies should be dissolved.[3] The injunction is no

---

[3] To the extent that Plaintiff intends to challenge the substance of this superseding BiOp, this BiOp is a new final agency action that must be challenged in a separate complaint based in

longer warranted and should be dissolved.

## CONCLUSION

For all these reasons set forth above, Defendants' motion for dissolution of the injunction should be granted.

Dated: November 6, 2019                    Respectfully Submitted,

JEAN E. WILLIAMS,
Deputy Assistant Attorney General
SETH M. BARSKY, Section Chief
S. JAY GOVINDAN,
Assistant Section Chief

*/s/ Rickey D. Turner, Jr.*
RICKEY D. TURNER, JR.
Senior Trial Attorney
U.S. Department of Justice
Env't & Natural Resources Division
Wildlife & Marine Resources Section
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
Telephone: (303) 844-1373

*Attorneys for Defendants*

---

its own administrative record and subject to the appropriate notice requirements and standard of review.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| WILDEARTH GUARDIANS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES FISH AND WILDLIFE SERVICE and UNITED STATES FOREST SERVICE,<br><br>Defendants. | CASE NO. 4:13-cv-151-RCC<br><br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record.

*/s/ Rickey D. Turner, Jr.*
RICKEY D. TURNER, JR.

CoS  CASE NO. 4:13-cv-151-RCC