Jeffrey Wechsler
New Mexico Bar No. 15664, *Pro Hac Vice*
Montgomery & Andrews, P.A.
Post Office Box 2307
Santa Fe, New Mexico 87504-2307
(505)982-3873
jwechsler@montand.com

Attorneys for *Amicus Curiae* New Mexico Forest Industry Association

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| WILDEARTH GUARDIANS, | CASE NO. 4:13-cv-151-RCC |
| Plaintiffs, | |
| | ***AMICUS CURIAE* NEW MEXICO** |
| v. | **FOREST INDUSTRY** |
| | **ASSOCIATION'S BRIEF IN** |
| UNITED STATES FISH AND | **SUPPORT OF DEFENDANTS'** |
| WILDLIFE SERVICES; and UNITED | **MOTION TO ALTER COURT'S** |
| STATES FOREST SERVICE, | **DECISION AND TO CLARIFY OR** |
| | **MODIFY THE COURT'S** |
| Defendants. | **INJUNCTION** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Amicus curiae* New Mexico Forest Industry Association (the "Association") submits this brief in support of Defendants' Motion to Alter the Court's Decision and to Clarify or Modify the Court's Injunction filed by the United States Forest Service and the United States Fish and Wildlife Service pursuant to Fed.R.Civ. P. 59(e) (Dkt. 104) ("Motion"). As *amicus curiae,* the Association will not repeat the arguments made by Defendants. It offers this brief to explain the potential impact of the Court's decisions on its membership and to emphasize a legal issue relevant to their concerns. *Wilderness Society v. United States Bureau of Land Management,* No. 09-CV-08010-PCT-PGR, Order, 2010 WL 2594853 (D. Ariz. June 21, 2010).

## I.     Plaintiff Has Not Established Irreparable Injury

In *Cottonwood Environmental Law Center v. United States Forest Service,* 789 F.3d 1075, 1091 (9th Cir. 2015), the court held that "there is no presumption of irreparable injury where there has been a procedural violation in ESA cases." Rather, in order to obtain injunctive relief, Plaintiff must "make an evidentiary showing that specific projects will likely cause irreparable damage to its members' interests." *Id.* at 1092. Plaintiff has failed to meet this burden.

Plaintiff has failed to present any evidence that indicates that timber management projects with project-specific forest plan amendments and stand-alone Section 7 consultations would cause irreparable damage to the Mexican Spotted Owl ("MSO"). As shown by Defendants' Motion and the supporting declaration of Karl Malcolm, projects like the Rio Tusas-Lower San Antonio Landscape Restoration Project in the Carson

National Forest and the Southwest Jemez Mountains Landscape Restoration Project in the Santa Fe National Forest have been subjected to informal consultation with respect to the effect of these projects on the MSO. The Rio Tusas project was found to be beneficial, insignificant, and discountable for the MSO.  Malcolm Decl. Doc. 104-2, p.26. Similarly, the Southwest Jemez project was found to not jeopardize the continued existence of the MSO and will not adversely modify its critical habitat.  Malcolm Decl. Doc. 104-2, p.28.  Plaintiff has presented no evidence to the contrary.  Similar projects should not be enjoined in this action.

Moreover, Plaintiff has not presented any evidence that timber management activities, such as restoration treatments or commercial fuelwood gathering should be enjoined.  Even if the activity occurs in habitat areas, it is unlikely to impact the MSO. Plaintiff has not shown that this activity would cause irreparable harm to the MSO.

In short, Plaintiff has not met its burden to show that a broad and indefinite injunction is necessary to prevent irreparable harm to its members' interest in protecting the MSO.

**II.     The Association and Its Members Will Be Irreparably Harmed if the Motion Is Not Granted**

In contrast, unless it is altered, the injunction ordered by the Court will severely and unnecessarily harm the Association's members.   As illustrated in the attached Declarations of Brent Racher (Exhibit A), John Galvan (Exhibit B), and Cliff Snyder (Exhibit C), the injunction will substantially impact family-owned businesses that provide hundreds of jobs in rural New Mexico.  Racher Decl. ¶¶ 6-8; Galvan Decl. ¶¶ 2-

4; Snyder Decl. ¶¶ 3-7.  For example, the Association estimates that lost revenues from the injunction for timber management activities in the next six months alone will be over $9,863,000, and multiple businesses will be directly impacted.  Racher Decl. ¶¶ 6-7. That economic harm cannot be recovered.  *See California v. Azar*, 911 F.3d 558, 581 (9th Cir. 2018) (economic harm is irreparable "if the party harmed is unable to recover damages).

Moreover, the Association members' injuries include likely losses of numerous long-time valued employees who would have to seek other work if unable to work in the New Mexico forest industries.  Such losses are commonly found to be irreparable harm. *See, e.g., Rent-A-Center, Inc. v. Canyon Television and Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991) (holding "[i]ntangible injuries, such as damages to ongoing recruitment efforts and goodwill, qualify as irreparable harm").

### III.    Conclusion

The Association requests that the Court grant Defendants' motion under Fed. R.Civ. P. 59(e) and deny Plaintiff injunctive relief.

1

2

3

Respectfully submitted,

MONTGOMERY & ANDREWS, P.A.

4

5

6

7

By: */s/ Jeffrey J. Wechsler*_____
       Jeffrey J. Wechsler
Post Office Box 2307
Santa Fe, New Mexico 87504-2307
(505) 982-3873
jwechsler@montand.com

8

9

Attorneys for *Amicus Curiae* New Mexico
    Forest Industry Association

10

11

12

## **CERTIFICATE OF SERVICE**

13

14

15

     I hereby certify that on November 6, 2019, I filed the foregoing electronically and a copy thereof was served via the CM/ECF electronic transmission upon all counsel of record, as reflected by the Court's CM/ECF system.

16

17

18

*/s/ Jeffrey J. Wechsler*_____
Jeffrey J. Wechsler

19

20

21

22

23

24

25

26

27

28

*AMICUS CURIAE* BRIEF
IN SUPPORT OF DEFENDANTS'
MOTION TO ALTER DECISION
OR MODIFY INJUNCTION               5             CASE NO. 4:13-cv-151-RCC