**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| WildEarth Guardians, | No. CV-13-00151-TUC-RCC |
| Plaintiff, | **ORDER** |
| v. | |
| United States Fish and Wildlife Service, et al., | |
| Defendants. | |

Pending before the Court is non-party New Mexico Forest Industry Association's Ex Parte Motion for Leave to Appear as *Amicus Curiae*. (Doc. 115.) Although this case has been pending since 2013, the Association filed its motion nearly two months after the Court's injunction on September 12, 2019. The Court will deny the motion.

The district court has discretion whether to allow the submission of an amicus brief. *See Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982). The court may grant leave to file an amicus brief "during a court's initial consideration of a case on the merits" or when a court considers whether to grant a rehearing. Fed. R. App. 29(a)-(b). This Court has already ruled on summary judgment. (Doc. 89.) However, the Association filed the motion the day before oral argument on Federal Defendants' Motion to Alter the Court's Decision and to Clarify or Modify the Court's Injunction, and it appears that the Association was attempting to insert its position into the consideration of whether to overturn or limit the Court's injunction.

The amicus motion must state why an amicus brief aids the court in determining

the matter at hand. Fed. R. App. 29(a)(3). This is because the function of an amicus curiae brief is to "assist[] in a case of general public interest," to augment counsel's efforts, and to illustrate law that may otherwise fail to be considered. *Funbus Sys., Inc. v. State of Cal. Pub. Utilities Comm'n*, 801 F.3d 1120, 1125 (9th Cir. 1986). Nevertheless, "[t]he vast majority of amicus curiae briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief. Such amicus briefs should not be allowed." *Long v. Coast Resorts, Inc.*, 49 F. Supp. 2d 1177, 1178 (D. Nev. 1999) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)).

The Association contends that it enjoys a perspective that may not be presented to the Court otherwise. The motion presents the possible financial and environmental effects of the Court's injunction on the forest industry. The Association also states it did not seek participation in this matter previously because it was unaware of the litigation.

The Court finds that the amicus brief is neither necessary nor appropriate. The Association's argument is essentially that the injunction has a vast economic impact on the forest industry. This mimics Federal Defendants argument that the injunction is a manifest injustice due to the harm it causes on "economically repressed and depressed communities that depend on the National Forests." (Doc. 104 at 15.) While the motion does provide some detail about the possible extent of the effects of the injunction, it duplicates Federal Defendants' assertions and raises no legal argument of which the Court is not already aware.

Accordingly, IT IS ORDERED New Mexico Forest Industry Association's Ex Parte Motion for Leave to Appear as *Amicus Curiae* is DENIED. (Doc. 115.)

Dated this 25th day of November, 2019.

_____
Honorable Raner C. Collins
Senior United States District Judge