1   Steven Sugarman
    New Mexico Bar No. 5717
2   appearing *pro hac vice*
    347 County Road 55A
3   Cerrillos, New Mexico 87010
    (505) 672-5082
4   stevensugarman@hotmail.com

5   Attorney for WildEarth Guardians

6

7

8

9
                    IN THE UNITED STATES DISTRICT COURT
10
                      FOR THE DISTRICT OF ARIZONA
11
                            TUCSON DIVISION
12

13

14

15

16   WILDEARTH GUARDIANS,                    )        No. 13-151-RCC
                                             )
17          Plaintiff,                       )
                                             )
18   vs.                                     )    **PLAINTIFF'S OPPOSITION**
                                             )    **TO FEDERAL DEFENDANTS'**
19   UNITED STATES FISH AND WILDLIFE         )    **MOTION TO DISSOLVE**
     SERVICE and UNITED STATES FOREST        )    **INJUNCTION AS TO**
20   SERVICE,                                )    **FIVE NATIONAL FORESTS**
                                             )
21          Defendants.                      )    **[ECF DOC NO. 126]**
     _____)
22

23

24

25

26

27

28

1
2
3

**I.    The instant motion to dissolve the injunction as to five forests is nothing more than a "knocked-off" carbon copy of the patently deficient motion to dissolve the injunction as to the Cibola National Forest**

4

The Federal Defendants are doubling down on their bet that this Court will treat

5
the dissolution of its September 12, 2019 injunction as a ministerial rubber-stamp

6
7
exercise. With nothing more than a "knocked-off" carbon copy of their patently deficient

8
motion to dissolve the injunction as to the Cibola National Forest, ECF Doc. No. 112, the

9
Federal Defendants now move the Court to dissolve the injunction as to the Gila, Carson,

10
Lincoln, Santa Fe, and Tonto National Forests without providing even a shred of factual

11
12
explanation or legal argument as to why dissolution of the injunction is now appropriate.

13
ECF Doc. No. 126.   Instead, the Federal Defendants simply assert that "[t]he

14
circumstances that originally necessitated injunctive relief are no longer present [in light

15
16
of] the agencies' completion of their reinitiated consultation and FWS's new superseding

17
BiOps." *Id.* at 2.

18
The Federal Defendants apparently expect that this Court will uncritically accept

19
20
their conclusory and unsubstantiated assertion without the judicial scrutiny that is *always*

21
given to final agency actions decisions that are reviewable under the Administrative

22
Procedure Act ("APA") – including agency actions that are taken to satisfy a remand

23
24
order such as the one in this case.  5 U.S.C. § 706(a)(2).  The Federal Defendants'

25
expectation in this regard is inconsistent with District of Arizona local rules and with

26
relevant case law.  Accordingly, for the same reason that the motion to dissolve the

27
28

injunction as to the Cibola National Forest must be denied, the instant motion to dissolve the injunction as to the Gila, Carson, Lincoln, Santa Fe, and Tonto National Forests must also be denied.

**II.      The Federal Defendants bear the burden of providing this Court with a rational explanation – both factually and legally – as to why the September 12, 2019 injunction should be dissolved**

In its September 12, 2019 decision, this Court provided that its injunctive order would remain in place pending a Section 7(a)(2) reconsultation as to the effect of Forest Plan implementation on the Mexican spotted owl ("MSO"):

> The USFS and FWS must reinitiate a formal Section 7(a)(2) consultation and formulate superceding BiOps that conform with the terms of this Order.
>
> The consultation must reassess the jeopardy analysis and the effect of Forest Plans on the recovery of the MSO.

*WildEarth Guardians v. U.S. Fish and Wildlife Service* ("*WEG 2019*"), 2019 WL 4345333 at *21 (D.Ariz. 2019).  In issuing its September 12, 2019 Order, this Court's obvious intent was to keep the injunction in place until the Federal Defendants demonstrate to the Court that they have cured the legal deficiencies that flawed the original Biological Opinions ("BiOps") and have issued superceding BiOps that comply with the substantive standards of the APA.

"An injunction issued by a court acting within its jurisdiction must be obeyed until the injunction is vacated or withdrawn." *W.R. Grace & Co. v. Local Union 759, International Union of United Rubber*, 461 U.S. 757, 766 (1983).  "A party seeking

1
2
3
4

modification or dissolution of an injunction bears the burden of establishing that a significant change in facts or law warrants revision or dissolution of the injunction." *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000).

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

As Plaintiff WildEarth Guardians explained in its response to the Federal Defendants' previous motion to dissolve the injunction as to the Cibola National Forest, resolution of the instant motion to dissolve requires this Court to assess the Federal Defendants' reassessment of the jeopardy and recovery analysis of the 2012 BiOp using the familiar APA "yardstick" that applies to all final agency actions.  Specifically, this Court must inquire whether the Federal Defendants "considered the relevant factors and articulated a rational connection between the facts found and the choice made."  *Natural Resources Defense Council v. Dept. of the Interior*, 113 F.3d 1121, 1124 (9th Cir. 1997). The Court is required to undertake a "thorough, probing, in-depth review" of that administrative record to determine whether the remand decision is the product of rational decision-making.  *Native Ecosystems Council v. U.S. Forest Serv*ice, 418 F.3d 953, 960 (9th Cir. 2005).  The Court should not defer to conclusions that are unsupported by the evidence or that run counter to the evidence before it. *Western Watersheds Project v. Kraayenbrink*, 632 F.3d 472, 493 (9th Cir. 2010).  This Court must not merely "rubber-stamp" the new analysis.  *Ocean Advocates v. U.S. Army Corps of Engineers*, 402 F.3d 846, 859 (9th Cir. 2005).

26
27

This Court should "not lift its injunction without first finding that [the Federal

28

Defendants' reassessment of jeopardy and recovery] passes muster under the relevant environmental statutes," and should "direct the submission of a new Administrative Record" that facilitates the court's review of that issue. *Colorado Environmental Coalition v. Office of Legacy Mining*, 2016 WL 11548224 at *1 (D.Colo 2016). "Equity would not be achieved if the Court decided simply to rubber-stamp [the Federal Defendants'] unsupported self-assessment of its compliance with a court order." *National Law Center on Homelessness & Poverty v. United States Veterans Administration*, 842 F.Supp.2d 127, 131 (D.D.C. 2012) *see also Swan View Coalition. v. Barbouletos*, 2010 WL 11530904 at *1, 3, 5 (D. Mont. 2010) ("the completion of the new biological opinion does not automatically lift the injunction").

If the Federal Defendants' reassessment of jeopardy and recovery does not correct the legal deficiencies that led the Court to impose the injunction, the Court should leave the injunction in place. *See for example Public Service Co. of Colorado v. Batt*, 67 F.3d 234, 237 (9th Cir. 1995) (rejecting the notion that an injunction automatically dissolves upon issuance of a superceding environmental document since such a practice "would leave the injunction . . . toothless"), *Colorado Environmental Coalition v. Office of Legacy Mining*, 2018 WL 684761 at *1, 19 (D. Colo. 2016). Accordingly, the Federal Defendants' bald and unsupported assertion that they have "fully complied" with the Court's remand instructions, ECF Doc. No. 126 at 2, is not a sufficient basis for dissolving the associated injunction.

WildEarth Guardians v. USFWS, et al.
Civil No. 13-151-RCC

Plaintiff's Opposition to Motion to Dissolve
Page 4

1         A corollary of the foregoing standards and principles is the bedrock rule that a

2   movant must make arguments – with points and authorities – that entitle the movant to the

3   relief that it seeks.  Conclusory assertions of ultimate facts and law – or of entitlement to

4   relief – are not sufficient.  This rule is reified in Local Rule 7.2(b) of the District of

5   Arizona: "the moving party shall serve and file with the motion's papers a memorandum

6   setting forth the points and authorities relied upon in support of the motion."  Failure to

7   support a motion with a memorandum that complies with this requirement "in all

8   substantial respects . . . may be deemed a consent to the denial . . . of the motion and the

9   Court may dispose of the motion summarily."  Local Rule 7.2(i).

10        This common-sense principle – that a movant must provide argument to the Court

11  as to why the requested relief is appropriate and should be granted – has deep roots in

12  case law.  Indeed, just last year this Court refused to "formulate" arguments for a movant

13  or to search the record for tidbits that might tend to support the movant's position.

14  *Bramlett v. Ryan*, 2019 WL 2744837 at *1 (D. Ariz. 2019).  As this Court aptly held in

15  that case, "[j]udges are not like pigs, hunting for truffles buried in briefs."  *Id.* (citation

16  omitted) *see also U-Haul Co. of Nevada v. Kamer*, 2013 WL 4505800 at *2 (D. Nev.

17  2013) ("the Court reminds the parties that the burden of representation lies upon them,

18  and not upon the Court"), *AGA Shareholders v. CSK Auto, Inc.*, 2009 WL 113569 at *2

19  (D. Ariz. 2009) (in a summary judgment context, holding that a court "has no obligation

20  to scour the record in search of a genuine issue of triable fact").

1

2

**III.    The Federal Defendant's instant motion to dissolve as to five forests is nothing more than a conclusory assertion that this Court must reject**

3

4

The Federal Defendants' motion to dissolve consists of four paragraphs.  The first

5

paragraph is an introduction.  The second paragraph sets out the standard of review.  The

6

third paragraph is the "argument."  And the fourth paragraph is the conclusion.  The heart

7

of the brief – the so-called "argument" contained in the third paragraph – is nothing other

8

than the Federal Defendants' conclusory assertion that "[t]he circumstances that

9

originally necessitated injunctive relief are no longer present," that "Defendants have

10

fully complied with the terms of the Court's [September 12, 2019] order," and that "[t]he

11

injunction is no longer warranted and should be dissolved."  ECF Doc. No. 126 at 2-3.

12

However, the motion to dissolve (1) does not discuss the substance of the superceding

13

14

BiOps, (2) does not discuss how the superceding BiOps for the Gila, Carson, Lincoln,

15

Santa Fe, and Tonto National Forests differ from the 2012 BiOps at issue in this case in

16

any way that is relevant to this Court's remand instructions, and (3) does not even

17

18

endeavor to explain – in any way, shape, or form – how the superceding BiOps fully

19

comply with this Court's instructions, or insure against jeopardy and the diminution of

20

21

recovery prospects for the MSO.

22

Apparently, the Federal Defendants expect that this Court – upon its review of the

23

24

superceding BiOps – will "formulate" the arguments that they might have made

25

themselves in support of the instant motion to dissolve, if indeed any such valid

26

arguments exist.  WildEarth Guardians respectfully submits that this Court, in line with

27

28

WildEarth Guardians v. USFWS, et al.                                Plaintiff's Opposition to Motion to Dissolve
Civil No. 13-151-RCC                                                                                                       Page 6

the governing Local Rules of the District of Arizona and in line with the unanimous case law on this issue, should refuse to act as the Federal Defendants' counsel by hypothesizing as to what arguments the Federal Defendants might have made if they had discharged their obligation to make arguments themselves.  This is not the way that litigation works, and this approach is simply inconsistent with well-settled requirements of motion practice.

In the first instance, the Federal Defendants – who bear the burden of proof on their motion to dissolve – must make their arguments with respect to their compliance with this Court's remand instructions, and WildEarth Guardians should be given an opportunity to respond to those arguments.  Instead, the Federal Defendants apparently expect that both the Court and WildEarth Guardians will act as the proverbial "pigs" who will snuffle through the record in this case in search of some truffely morsel that might tend to support their conclusory assertion as to "full compliance."  This Court should decline this invitation, and should hold the Federal Defendants to their burden as required by relevant case law and local rules.

And even if this Court were inclined to take on the role of Federal Defendants' counsel in this case, there is simply not an adequate basis upon which this Court could conceivably discharge its obligation to give the record the "thorough, probing, in-depth review" that is required by the relevant standard of review.  Indeed, there is no record at all.  While the superceding BiOps references various analyses and communications which

WildEarth Guardians v. USFWS, et al.
Civil No. 13-151-RCC

Plaintiff's Opposition to Motion to Dissolve
Page 7

supposedly took place in connection with their development, not a single shred of that

material has been compiled into an administrative record for the review of the Court and

WildEarth Guardians.

In the complete absence of (1) any effort by the Federal Defendants to articulate

even a single argument in support of their assertion that they have fully complied with

this Court's remand instructions and (2) any administrative record that would provide the

Court with an opportunity to review the Federal Defendants' assertion as to that full

compliance, the Motion to Dissolve must be denied.  WEG respectfully submits that any

other result would be nothing more than a "rubber-stamp [on] an enjoined party's

unsupported self-assessment of its compliance with a court order."  *National Law Center*,

842 F.Supp.2d at 131.

## IV.    Conclusion

The Federal Defendants have failed to carry their burden of demonstrating that

they have complied with this Court's remand instructions to prepare a rational

reassessment of the jeopardy and recovery analysis of the 2012 BiOps.  The Federal

Defendants' motion to dissolve the injunction as to the Gila, Carson, Lincoln, Santa Fe,

and Tonto National Forests is premised on nothing more than their conclusory,

unsubstantiated, and self-serving statements as to compliance.  For this reason, the

Federal Defendants' motion to dissolve must be denied.   A contrary result would reward

the Federal Defendantss for their continuing malfeasance with respect to the conservation

and recovery of the MSO.

WildEarth Guardians respectfully asserts that the September 12, 2019 injunction should remain in place until the Federal Defendants demonstrate to the Court that they have complied with this Court's specific remand instructions.  Continuation of the Federal Defendants' decades-long pattern of institutional negligence, and of managing national forests on the basis of speculation and surmise as to the impact of forest treatments on MSOs should not be further countenanced by this Court.  B

Dated:   January 10, 2020

Respectfully submitted,


_____/s/  Steven Sugarman_____
Steven Sugarman
347 County Road 55A
Cerrillos, New Mexico 87010
(505) 672-5082
stevensugarman@hotmail.com

WildEarth Guardians v. USFWS, et al.
Civil No. 13-151-RCC

Plaintiff's Opposition to Motion to Dissolve
Page 9

1

2

**CERTIFICATE OF SERVICE**

3

4

        I hereby certify that a true and correct copy of this Plaintiff's Opposition to

5

Defendants' Motion to Dissolve the Court's Injunction Re the Gila, Carson, Lincoln,

6

Santa Fe, and Tonto National Forests was served on counsel of record on January 10,

2020 through the Court's electronic CM-ECF system.

7

8

                        */s/ Steven Sugarman*

9

                        Steven Sugarman

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28