JEAN E. WILLIAMS,
Acting Assistant Attorney General
SETH M. BARSKY, Chief
S. JAY GOVINDAN, Assistant Chief
RICKEY D. TURNER, Senior Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
999 18th Street
South Terrace, Suite 370
Denver, Colorado 80202
(303) 844-1373
rickey.turner@usdoj.gov

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| WILDEARTH GUARDIANS, | CASE NO. 4:13-cv-151-RCC |
| Plaintiff, | |
| v. | **STIPULATED FEE SETTLEMENT** |
| UNITED STATES FISH AND WILDLIFE SERVICE and UNITED STATES FOREST SERVICE, | |
| Defendants. | |

WHEREAS, in this case, Plaintiff brought various claims under the Endangered Species Act ("ESA"), 16 U.S.C. § 1533 *et seq.*, challenging Defendants' conservation strategy concerning the Mexican spotted owl ("owl") in the 11 National Forests comprising Forest Service Southwestern Region (Region 3). More specifically, Plaintiff alleged that the decisions made in FWS's programmatic 2012 Biological Opinions ("BiOps") for the 11 National Forests were arbitrary and capricious and that the Forest Service was not complying with either its substantive or its procedural duties under the ESA. ECF No. 10.

WHEREAS, Defendants disputed those claims and the Parties briefed summary judgment. ECF Nos. 50-62.

WHEREAS, on September 12, 2019, the Court granted in part and denied in part Plaintiff's motion for summary judgment. ECF No. 89. The Court held that FWS failed to adequately assess the owl's recovery in its programmatic jeopardy analyses and that the 2012 programmatic "BiOps simply do not provide a route to recovery or way to accurately assess it. The no-jeopardy determination is unsupported, arbitrary, and capricious because the finding failed to account for recovery" of the owl. ECF No. 89 at 24. The Court also found that the USFS violated its substantive obligations under the Section 7 (a)(2) ESA by relying on those BiOps. *Id.* at 36-37. The Court then granted an injunction on all Forest Service timber management actions on the six National Forests that operated under the 2012 programmatic BiOps – i.e., the Lincoln, Santa Fe, Cibola, Carson, Tonto, and Gila National Forests – and ordered Defendants to reinitiate Section 7 formal consultation under the ESA. ECF No. 89 at 38; ECF No. 98.

WHEREAS, after a series of post-judgment motions and briefing, the parties reached an out-of-court settlement to resolve the merits of the case. ECF No. 144.

WHEREAS, the Court approved that out-of-court settlement and dismissed the case but kept jurisdiction to resolve any potential disputes with respect to Plaintiff's attorneys' fees and costs. ECF No. 145.

WHEREAS, the parties have reached an agreement that obviates the need for any

litigation regarding Plaintiffs' claim for attorneys' fees and costs under the ESA, 16 U.S.C. §1540(g).

NOW, THEREFORE, IN THE INTERESTS OF THE PUBLIC, THE PARTIES, AND JUDICIAL ECONOMY, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1. Defendants shall pay Plaintiff a total of $350,000.00 for attorneys' fees, costs, and other litigation expenses for this lawsuit.
2. Defendant shall make the payment required by Paragraph 1 and the agreed order below by electronic funds transfer.
3. Plaintiff agrees to furnish Defendants with the account information necessary to effectuate the payment required by Paragraph 1 of this stipulation. Defendants agree to submit all necessary paperwork for the processing of the attorneys' fees award to the Department of the Treasury's Judgment Fund Office within 10 business days of the Court's approval of this Agreement or the receipt of the information described in this Paragraph, whichever is later.
4. Plaintiff agrees to accept Defendants' payment of $350,000.00 in full satisfaction of any and all claims for attorneys' fees and costs of litigation incurred in this matter to date. Plaintiff agrees that receipt of this payment from Defendants' shall operate as a release of Plaintiff's claims for attorney's fees and costs in this matter to date.
5. Plaintiff reserves the right to seek additional fees and costs incurred subsequent to this Stipulation arising in any future litigation or continuation of the present action. Defendants reserve the right to contest fees claimed by Plaintiff or Plaintiff's counsel, including hourly rates and the number of hours billed, in any future litigation or continuation of the present action. Further, this Agreement as to attorneys' fees and costs has no precedential value and shall not be used as evidence in any other attorneys' fees litigation.
6. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement

that Defendants is obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other appropriations law.

7. This Agreement shall be binding on the parties and their successors, agents, designees, employees, and all those acting by and through their authority. The parties agree that this Stipulation was negotiated in good faith and that this Stipulation constitutes a resolution of claims that were denied and disputed by the parties. By entering into this Stipulation, the parties do not waive any claim or defense.

8. The undersigned representatives of each party certify that they are fully authorized by the parties they represent to agree to the terms and conditions of this Stipulation and do hereby agree to the terms herein.

9. The parties hereby jointly and respectfully request that the Court review and approve the terms of this stipulation, and retain jurisdiction to enforce its terms. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994).

It is so stipulated.

Dated: May 27, 2021                              Respectfully Submitted,

*/s/ Steven Sugarman*
STEVEN SUGARMAN
Steven Sugarman
347 County Road 55A
Cerrillos, New Mexico  87010
(505) 672-5082
stevensugarman@hotmail.com

*Attorney for Plaintiff*

JEAN E. WILLIAMS,
Acting Assistant Attorney General
SETH M. BARSKY, Section Chief
S. JAY GOVINDAN,
Assistant Section Chief

*/s/ Rickey D. Turner, Jr.*
RICKEY D. TURNER, JR.
Senior Attorney
U.S. Department of Justice
Env't & Natural Resources Division
Wildlife & Marine Resources Section
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
Telephone: (303) 844-1373

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| WILDEARTH GUARDIANS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES FISH AND WILDLIFE SERVICE and UNITED STATES FOREST SERVICE,<br><br>Defendants. | CASE NO. 4:13-cv-151-RCC<br><br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record.

*/s/ Rickey D. Turner, Jr.*
RICKEY D. TURNER, JR.

CoS                                                                                         CASE NO. 4:13-cv-151-RCC